1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

10
11

MILTON ERNESTO FLORES-MANCIA,

Plaintiff,

vs.

UNITED STATES,

Defendant.

CASE NO. 11cr2340 and
11cv2945-LAB

**ORDER DENYING 28 U.S.C.
§ 2255 HABEAS MOTION**

16    Milton Ernesto Flores-Mancia pleaded guilty of being a deported alien found in the

17  United States in violation of 8 U.S.C. § 1326. On December 8, 2011 he was sentencd to 18

18  months' custody followed by three years' supervised release. On December 14, he filed a

19  motion pursuant to 28 U.S.C. § 2255 for a reduction in his sentence.

20    In his plea agreement, Flores-Mancia waived appeal or collateral attack unless he

21  was sentenced above the high end of the guideline range recommended by the government

22  as agreed in the plea agreement. Flores-Mancia also received the benefit of a fast-track

23  recommendation.

24    The record shows the government kept its agreement, and recommended that Flores-

25  Mancia be sentenced to 30 months, which was the low end of the guideline range the parties

26  agreed to. (*See* Docket no. 15 (Plea Agreement's provisions regarding sentence

27  recommendations) at 2–3; Docket no. 23 (Government's Sentencing Summary Chart,

28  recommending a sentence as agreed in the Plea Agreement).) Flores-Mancia was in fact

1   sentenced <u>well below</u> the 30 months the government recommended. He therefore waived

2   this collateral attack.

3        Even if Flores-Mancia had not waived collateral attack, his motion would be denied

4   as meritless. It is a boilerplate motion, apparently circulating among prisoners, that requests

5   a reduction in sentence because the defendant is an alien subject to deportation. The motion

6   is not meritless because it is boilerplate, but because its contentions have no basis in fact

7   or law. First, are no similarly-situated U.S. citizens who are being punished less severely for

8   the crime to which Flores-Mancia pleaded guilty; by definition, this crime can only be

9   committed by aliens who were previously deported. Second, the argument that he is entitled

10   to a lower sentence because he is a deportable alien has been repeatedly rejected by this

11   and other courts as meritless.  *See, e.g., Patterson-Romo v. United States*, 2012 WL

12   2060872 (S.D.Cal., June 7, 2012) (Gonzalez, J.); *United States v. Beltran-Palafox*, 2012 WL

13   899262 at *2 and n.14 (D.Kan., Mar. 16, 2012); *Aguilar-Marroquin v. United States*, 2011 WL

14   1344251 (S.D.Cal., Apr. 8, 2011) (Huff, J.); *Rendon-Inzunza v. United States*, 2010 WL

15   3076271 (S.D.Cal., Aug. 6, 2010) (Burns, J.).

16        The motion is **DENIED**.

17        **IT IS SO ORDERED**.

18   DATED:  October 4, 2012

19

20        **HONORABLE LARRY ALAN BURNS**
        United States District Judge

21

22

23

24

25

26

27

28

11cr2340 and 11cv2945